# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVE W. MITCHELL, et al., | : | CIVIL NO. 3:04-CV-2240 |
| Plaintiffs, | : | (Judge Caldwell) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| WILLIAM J. LUCKENBILL, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This case is a civil rights action involving alleged Fourth Amendment violations arising out of the 2002 arrest of the Plaintiff, Steve Mitchell, at his home by the Defendant law enforcement officers. Recently this case was transferred to the Honorable William W. Caldwell for trial following the appointment of the prior presiding judge, the Honorable Thomas I. Vanaskie, to the United States Court of Appeals for the Third Circuit.

On July 19, 2010, following a conference with counsel, the district court noted its belief that the parties had consented to proceed before a United States Magistrate Judge, and referred this matter to the undersigned for further proceedings. (Doc. 163.)

1

The Plaintiffs then filed a motion, in the nature of a motion to remand the case to the district court (Doc. 165.) This motion suggested that the referral order to the undersigned may have been the result of a misunderstanding, and that Plaintiffs' counsel needed to consult with their clients before consenting to this transfer. The motion further averred that, having consulted with Plaintiff Steve Mitchell, who is currently incarcerated, Plaintiffs' counsel have not been authorized to consent to the jurisdiction of a United States Magistrate Judge. Given the facts averred by the Plaintiffs' counsel, we were initially inclined to recommend that this motion to remand be granted, but we sought the views of the Defendants, whose interests would also be affected by a remand order, since the remand of the case would necessarily delay a trial significantly.

The Defendants have now filed a certificate of concurrence, concurring in this remand request. (Doc. 167.) Accordingly, IT IS RECOMMENDED as follows;

First, it is recommended that the motion to remand be GRANTED. (Doc. 165.)

Second, recognizing that this remand may place additional burdens upon the district court, and further recognizing that there are pending motions *in limine* in this case, (Docs. 138, 140, 146) it is further recommended that the pending motions *in limine* be referred to the undersigned for prompt preparation of a report and recommendation addressing all of these pending motions.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 17th day of August, 2010.

                                              *S/Martin C. Carlson*
                                              **United States Magistrate Judge**