IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVE W. MITCHELL, et al.,  :

    Plaintiffs  :

    vs.  :  Civil Action No. 3:04-CV-2240

    :

WILLIAM J. LUCKENBILL, Jr.,
DAVID GUENTHER,  :

    Defendants  :

*M E M O R A N D U M*

I. *INTRODUCTION*

    The above-captioned action stems from a hit-and-run accident that was reported to Pennsylvania State Police Troopers William J. Luckenbill, Jr., and David Guenther during early morning hours on October 13, 2002. Immediately following the report, the troopers determined that Steve Mitchell was the owner of the vehicle that allegedly left the scene of the accident, and they went to Mitchell's residence to question him about the incident. Although the parties dispute much of what occurred after the troopers arrived at Mitchell's home, it is undisputed that the troopers entered Mitchell's home without a warrant, and subjected him to a forcible arrest. Mitchell and his wife, Robin Mitchell, and their children, Storm and Bria Hasenauer, brought this action against Troopers Luckenbill and Guenther, alleging that the troopers violated a number of the plaintiffs' state and federal rights as a result of the intrusion into the home and the subsequent arrest of Steve Mitchell. Following a period of discovery, Defendants moved for partial summary judgment on Plaintiffs' claims. In a memorandum and order entered on January 5, 2010, the Court granted Defendants'

motion in part, finding that summary judgment should be entered in Defendants' favor on all claims except on Plaintiff's claims regarding the alleged unlawful entry into the home, in violation of the Fourth Amendment to the United States Constitution, and on Steve Mitchell's and Bria Hasenauer's claims that officers subjected them to excessive force during the course of the home invasion and arrest. (Doc. 125.)

Plaintiffs have now filed two motions *in limine*, and Defendants have filed one. Plaintiffs have moved for entry of an order precluding Defendants from entering evidence or referring to an internal investigation performed by the Pennsylvania State Police following the incident. (Doc. 138.) Plaintiffs have also moved for entry of an order precluding admission of or references to Steve Mitchell's criminal record, including his prior arrests, on the grounds that his criminal background is irrelevant and, even if relevant, the prejudicial effect of the evidence would substantially outweigh its relevance. (Doc. 140.) For their part, Defendants have moved to preclude the admission of any evidence regarding injuries sustained by either Robin Mitchell or Storm Hasenauer, whose claims have been dismissed. (Doc. 146.)

It appears that the parties have entered into a stipulation that resolves Plaintiff's motion to exclude evidence from the Pennsylvania State Police internal investigation, and we will therefore deny that motion as moot.[1] (Doc. 161.) The remaining two motions have been briefed and are ripe for disposition.

---

[1] Although it is not entirely clear from its terms whether the stipulation resolves the motion in its entirety, we interpret it to do so. To the extent that the parties dispute the Court's understanding in this regard, they may renew the motion in advance of trial or otherwise clarify for the Court the stipulation's intended scope and function.

## II. *DISCUSSION*

### A. Defendants' Motion to Exclude Evidence of Injuries to Robin Mitchell and Storm Hasenauer and Use of Force Against Storm Hasenauer.

Anticipating that Plaintiffs will seek to introduce evidence of injuries sustained by Robin Mitchell and Storm Hasenauer on October 13, 2002, and regarding the use of force against Storm Hasenauer during that incident, Defendants seek entry of an order precluding the admission of such evidence on the grounds that it is irrelevant to the remaining claims of Steve Mitchell and Bria Hasenauer. Defendants contend that evidence of injuries sustained by Robin Mitchell and Storm Hasenauer will not assist the jury in reaching a determination as to whether the troopers entered Plaintiffs' home illegally, or whether Defendants used excessive force against either Steve Mitchell or Bria Hasenauer. Defendants make a similar assertion with respect to evidence regarding the alleged use of force against Storm Hasenauer, arguing that this evidence cannot possibly aid the jury in resolving the remaining factual issues in this case. Lastly, Defendants argue that even if the evidence has some relevance to the remaining claims, it should nevertheless be disallowed at trial because it would be unfairly prejudicial and would confuse the jury about the issues actually to be decided.

In response, Plaintiffs argue that Defendants' actions in entering the home, and their conduct while in the home, are relevant to the jury's understanding of the officers' intentions, and regarding their conduct both in entering the house and in effecting Mr. Mitchell's arrest, and to understanding the sequence of events that occurred during the incident.

Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it

3

would be without the evidence." Fed. R. Evid. 401.  Rule 403 of the Federal Rules of Evidence places limits on the introduction of otherwise relevant evidence, providing that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. The Third Circuit has cautioned that "pretrial Rule 403 exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . ."). Moreover, the Third Circuit has characterized Rule 403 as a "trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." In re Paoli R. Yard PCB Litig., 916 F.2d at 859. However, "[a] trial court is afforded substantial discretion when striking a Rule 403 balance with respect to proffered evidence, and a trial judge's decision to admit or exclude evidence under [Rule] 403 may not be reversed unless it is arbitrary and irrational." McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009).

Upon consideration, we do not find that Defendants have adequately demonstrated that the evidence regarding Robin Mitchell's and Storm Hasenauer's injuries, or the use of force against Storm Hasenauer, is irrelevant or so prejudicial or confusing that it should be withheld from the jury. Although we agree with Defendants that their subjective intention is not dispositive of the Fourth Amendment issues to be

4

tried, see Graham v. Connor, 490 U.S. 386, 397 (1989) (excessive force determinations must be made "without regard to [officers'] underlying intent or motivation"), we cannot say that evidence regarding the troopers' conduct in the home is limited to showing their subjective intent, and we find that the evidence has potential relevance to the claims remaining in the case, and may benefit the jury in understanding what actually occurred in the Mitchell home during the early morning hours on October 13, 2002. We also do not find that Defendants' bare assertions regarding the potential prejudice of this evidence to be persuasive, and we therefore do not find at this time that the evidence should be precluded under Rule 403. Accordingly, Defendants' motion in limine to exclude evidence regarding the use of force against Storm Hasenauer, and the injuries sustained by Storm Hasenauer and Robin Mitchell, will be denied.

        B.    Plaintiffs' Motion to Exclude Evidence of
             Steve Mitchell's Criminal History.

In their motion, Plaintiffs acknowledge that Steve Mitchell has something of an extensive criminal history, though according to Plaintiffs, the "majority of Mr. Mitchell's arrests occurred more than 10 years ago, were not felony convictions, and none were convictions involving an act of dishonesty or false statement." (Doc. 140, at 4.) Plaintiffs concede that Mr. Mitchell was arrested and convicted in 2002 on felony charges involving "kidnapping, numerous assault, assault-related and weapons offenses." (Id.) Finally, Plaintiffs note that in 2005, Mr. Mitchell entered a guilty plea for driving under the influence of alcohol, a Class 2 misdemeanor as charged. Plaintiffs first argue that Mr. Mitchell's felony convictions that are more than 10 years old should not be admissible at trial. Secondly, Plaintiffs argue that Mr. Mitchell's felony convictions that occurred in 2002 should not be admissible because, even though they are admittedly felonies that occurred within the past 10 years, the

prejudicial effect of admitting the criminal convictions as evidence would substantially outweigh any relevance that they might have to impeach Mr. Mitchell's veracity, and therefore any evidence of the convictions should be excluded under Rule 403. Finally, Plaintiffs argue that Mr. Mitchell's 2005 conviction for driving under the influence of alcohol should not be admissible because it was not a felony and does not constitute *crimen falsi*, and therefore not admissible for impeachment purposes under Rule 609.

Although Rule 608(b) of the Federal Rules of Evidence generally precludes the introduction of specific instances of conduct for the purpose of attacking or bolstering a witness's character, Rule 609(a) provides exceptions to the general rule that are applicable in this case. Specifically, Rule 609(a) provides that a witness's prior criminal conviction may be introduced for purposes of impeachment "if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, Fed. R. Evid. 609(a)(1), or if the "crime required proof or admission of an act of dishonesty or false statements," Fed. R. Evid. 609(a)(2). The admission of such impeachment evidence is generally limited to convictions that occurred within the previous ten years unless the court concludes that the probative value of an older conviction, as "supported by specific facts and circumstances" surrounding the case, "substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).

In this case, it appears undisputed that in 2002, Plaintiff was charged and convicted of serious felony offenses, including kidnapping, assault, and weapons charges. Indeed, according to his counsel, Plaintiff is presently incarcerated as a result of those convictions. Because they are felonies falling within the past 10 years, these convictions plainly come within the ambit of Rule 609(a)(1). Nevertheless, Plaintiffs argue that the admission of these convictions were be substantially more

6

prejudicial than probative, and therefore should be excluded under Federal Rule of Evidence 403.  We disagree.

Rule 609, by its very terms, is predicated on the notion that prior criminal convictions frequently have probative evidentiary value for impeachment purposes. Thus, the rule is based upon "the common sense proposition" that an individual who has "transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." Walden v. Georgia-Pacific Corp., 126 F.3d 506, 523 (3d Cir. 1997) (internal citation omitted).  The very purpose of the rule is to assist the jury in its efforts to evaluate the credibility of witnesses.  Id.  In this case, the parties agree that much of this case will come down to an assessment of the parties' credibility, and witness testimony would appear likely to play a critical role in the jury's deliberative process.  In consideration of Rule 609's purpose, and its availability as a tool for impeaching witnesses with the fact of prior felony convictions, we conclude that the probative value of Plaintiff's 2002 felony convictions is clear.  We do recognize that introduction of this evidence may be prejudicial to Mr. Mitchell, but it is only when prejudice becomes "unfair" that it should be excluded under Rule 403.  Coleman v. Home Depot, Inc., 306 F.3d 1333, 1344 & n.6 (3d Cir. 2002).  At this time, we cannot conclude that the prejudice of admitting evidence of these convictions solely for the purpose of impeaching Mr. Mitchell's credibility substantially outweighs its probative value for that purpose.  Furthermore, any prejudice may effectively be mitigated by counsel's own examination of Mr. Mitchell, or by a limiting instruction from the Court if necessary.

In contrast, we do agree with Mr. Mitchell that his conviction of a misdemeanor DUI offense in 2005 is not admissible for impeachment purposes under Rule 609, and we disagree with Defendants' argument that this misdemeanor

7

conviction somehow is admissible under the rule. Furthermore, Plaintiffs convictions and arrests that may have occurred more than 10 years ago clearly do not come within the ambit of Rule 609, and therefore we agree with Plaintiff that these convictions would not be admissible for purposes of impeachment under Rule 609.[2] Similarly, to the extent that Mr. Mitchell was convicted of crimes more than 10 years ago, these convictions are not admissible under Rule 609 for impeachment purposes.

In reviewing Defendants' brief in opposition to the motion, however, it appears that they do not seek merely to introduce Plaintiffs' prior criminal convictions for purposes of impeachment pursuant to Rule 609, but also to introduce them for more substantive purposes, such as to establish the troopers' states of mind at the time they entered Mitchell's home and effected his arrest. However, neither Defendants nor Plaintiffs have adequately addressed this potential evidentiary use of Plaintiff's convictions or arrest history, and we thus decline to rule in advance of trial regarding the scope of the admissibility of such evidence, if any.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: August 24, 2010

---

[2] Furthermore, Defendants have not given the Court any basis, "supported by specific facts and circumstances" surrounding the case, to conclude the probative evidentiary value of any convictions more than 10 years old "substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).

8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVE W. MITCHELL, et al.,           :
    Plaintiffs                           :
    vs.                                  : Civil Action No. 3:04-CV-2240
                                         :
WILLIAM J. LUCKENBILL, Jr.,
DAVID GUENTHER,                      :
    Defendants                           :

O R D E R

AND NOW, this 24th day of August, 2010, in accordance with the accompanying memorandum, it is Ordered that:

1. Plaintiff's motion *in limine* to preclude admission of, or reference, to a State Police internal investigation into the October 13, 2002 incident (Doc. 138) is DENIED as moot as a result of the stipulation entered into between Plaintiffs and Defendants (Doc. 161).

2. Plaintiff's motion *in limine* to preclude admission of, or reference to, Steve Mitchell's criminal record (Doc. 140) is DENIED with respect to any felony convictions that occurred within the past 10 years. The motion is GRANTED insofar as it seeks to preclude the introduction of evidence of misdemeanor offenses or convictions occurring more than 10 years ago for purposes of impeachment under Rule 609. To the extent Defendants intend to introduce evidence of past convictions for purposes other than impeachment under Rule 609, the Court does not find that such potential evidentiary use of the convictions is addressed by Plaintiffs' motion, and the Court will therefore consider the admissibility of such evidence at the time of trial.

3. Defendants' motion *in limine* to exclude evidence of injuries to Robin Mitchell or Storm Hasenauer, and evidence regarding the use of force against Storm Hasenauer (Doc. 146) is DENIED.

/s/William W. Caldwell
William W. Caldwell
United States District Judge