# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVE W. MITCHELL, et al.          :
          Plaintiffs          :          No. 3:04-CV-2240
                        :

     vs.          :          (Judge William W. Caldwell)
                        :

WILLIAM J. LUCKENBILL, et al.          :
          Defendants          :          (Filed Electronically)

## PLAINTIFFS' PROPOSED POINTS FOR CHARGE

Plaintiffs believe, that as a matter of course, the Court will present, as necessary, the following standard jury instructions, and request review of the attached supplemental requests:

1.1   Introduction; Role of Jury

1.3   Conduct of Jury

1.4   Bench Conferences

1.5   Evidence

1.6   Direct and Circumstantial Evidence

1.7   Credibility of Witnesses

1.8   Jury Questions for Witnesses

1.9   Note-Taking By Jurors

1.10   Preponderance of the Evidence

1.11   Clear and Convincing Evidence

1.12   Description of Trial Proceedings

2.1   Impeachment of Witness's Character for Truthfulness

2.2   Judicial Notice

2.3   Stipulation of Testimony

2.4   Stipulation of Fact

2.5   Use of Deposition

2.6   Use of Interrogatories

2.7   Charts and Summaries in Evidence

2.8   Charts and Summaries Not Admitted in Evidence

2.9   Striking Evidence

2.10   Evidence Admitted for a Limited Purpose

2.11   Opinion Testimony

2.14   Recess Admonition

3.1   Deliberations

3.2   Number of Witnesses

3.3   Read-Backs of Trial Testimony

3.4   Deadlock

Requested by Plaintiffs Steve and Robin Mitchell:

## 1.2 Description of the case

In this case Plaintiffs claim that this case arises out of a hit-and-run accident that was reported to the defendants in this matter in the early morning hours of October 13, 2002. Based on information they received, they believed that the driver of the vehicle was Plaintiff Steve Mitchell. They went to the Mitchell residence to question him about the incident, without an arrest or search warrant.

Robin Mitchell responded to the door when the officers knocked. Despite being specifically asked if they had a warrant, or if they could return in the morning, the defendant officers entered the home without express permission. The defendants claim that they entered the home based on fear for Mr. Mitchell's welfare. A warrantless home entry is presumptively unconstitutional, and where officers assert exigency, they must reasonably believe that someone is in imminent danger. Ultimately, Mr. Mitchell was forcibly arrested.

The Mitchells claim that the early morning entry into their home violated their Fourth Amendment rights against illegal entry, and that the Defendants used excessive force against Plaintiff Steve Mitchell when arresting him, thereby violating his Fourth Amendment rights and used excessive force in dealing with

Mrs. Mitchell and their children Bria and Storm thereby violating their Fourth Amendment rights.

Defendants claim that their entry into the home was not a violation of the Mitchells' Fourth Amendment rights because exigent circumstances were present supporting their entry, (which they have not specifically defined), and there was no excessive force used against Mr. Mitchell in his arrest, because, in the totality of the circumstances, the officers' actions were objectively reasonable in light of the facts and circumstances confronting them.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that the Mitchells' must prove to establish their case.

The Mitchells are suing under Section 1983 of the United States Code, which is a civil rights law passed by Congress that provides a remedy to persons who have been deprived of the federal constitutional rights under color of state law. They claim that Troopers Luckenbill and Guenther, employees of the Commonwealth of Pennsylvania, at the relevant time, and in this role, violated their right to be secure in their home, and Mr. Mitchell's right to not be subjected

to excessive force while being arrested.  In other words, a law enforcement official may only use the amount of force necessary under the circumstances to make the arrest.  Every person has the constitutional right not to be subjected to excessive force while being arrested, even if the arrest is otherwise proper.

Authority:  Model Civil Jury Instruction 1.2; Model Civil Jury Instruction 4.1 – Section 1983; Model Civil Jury Instruction  4.9.1; Payton v. New York, 445 US 573, 590 (1980); Kubicki v. Whitemarsh Twp., 270 Fed. Appx. 127, 128 (3d cir 2008).  Parkhurst v. Trapp, 77 F3d 707, 711 (3d Cir. 1996); United States ex. Rel Boyance v. Myers, 398 F.2d 896, 897 (3d Cir. 1968).

Approved _____          Denied _____

Requested by Plaintiffs Steve and Robin Mitchell:

"The testimony of a law enforcement officer is entitled to no more or less consideration based on the fact that the witness is employed in the law enforcement field. You are to evaluate the officer's testimony as you would any other witness."

Authority:   Butler v. City of Camden, 352 F.3d 811, 819 (3rd Cir. Ct. Appeals, 2003)

Approved _____          Denied _____

Requested by Plaintiffs Steve and Robin Mitchell:

## Introductory Instruction 1983

Plaintiffs are suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

Authority:   **Model Civil Jury Instruction 4.1 – section 1983**

Approved _____          Denied _____

Requested by Plaintiffs Steve and Robin Mitchell:

## Burden of Proof

Mr. and Mrs. Mitchell bear the burden of proof on the elements of a Section 1983 claim.  They have the burden of proving their case by what is called the preponderance of the evidence.  That means Steve and Robin Mitchell have to prove to you, in light of all the evidence, that what they claim is more likely so than not so.  To say it differently: if you were to put the evidence favorable to the Mitchells and the evidence favorable to Mr. Luckenbill and Mr. Guenther on opposite sides of the scales, Steve and Robin Mitchell would have to make the scales tip somewhat on their side.  If the Mitchells fail to meet this burden, the verdict must be for the defendants.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, Mr. Luckenbill and Mr. Guenther have the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that Mr. Luckenbill and Mr. Guenther have succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

Authority:   **Model Civil Jury Instruction 4.2 – Section 1983 and 1.10;** *Groman v. Township of Manalapan***, 47 F.3d 628, 638 (3d Cir. 1995).**

Approved _____          Denied _____

Requested by Plaintiffs Steve and Robin Mitchell:

## Elements of Claim

Steve and Robin Mitchell must prove both of the following elements by a preponderance of the evidence:

First:  Troopers Luckenbill and Guenther acted under color of state law.

Second: While acting under color of state law, Troopers Luckenbill and Guenther deprived Steve and Robin Mitchell of a federal constitutional right.

I will now give you more details on action under color of state law, after which I will tell you the elements the Mitchells must prove to establish the violation of their federal constitutional right .

Authority:  *Model Civil Jury Instruction 4.3 – Section 1983*

Approved _____          Denied _____

–10–

Requested by Plaintiffs Steve and Robin Mitchell:

### Action under Color of State Law

The first element of the Mitchell's claim is that Troopers Luckenbill and Guenther acted under color of state law.  This means that the Mitchells must show that Troopers Luckenbill and Guenther was using power that they possessed by virtue of state law.

A person can act under color of state law even if the act violates state law. The question is whether the person was clothed with the authority of the state, by which I mean using or misusing the authority of the state.

By "state law," I mean any statute, ordinance, regulation, custom or usage of any state.  And when I use the term "state," I am including any political subdivisions of the state, such as a county or municipality, and also any state, county or municipal agencies.

**Authority:**  *Model Civil Jury Instruction 4.4 – Section 1983*

Approved _____          Denied _____

Requested by Plaintiffs Steve and Robin Mitchell:

## Action under Color of State Law –

## Action under Color of State Law Is Not in Dispute

Because Troopers Luckenbill and Guenther were employees of the Commonwealth of Pennsylvania at the relevant time, I instruct you that they were acting under color of state law.  In other words, this element of Steve and Robin Mitchell's claim is not in dispute, and you must find that this element has been established.

**Authority:**  *Model Civil Jury Instruction 4.4.1 – Section 1983*

Approved _____          Denied  _____

Requested by Plaintiffs Steve and Robin Mitchell:

The second element of Steve and Robin Mitchell's claim is that Troopers Luckenbill and Guenther deprived them of a federal constitutional right.

Steve and Robin Mitchell are claiming that the troopers illegally entered their home in violation of the Fourth Amendment and Steve Mitchell is claiming that unreasonable force was used during his arrest also in violation of the Fourth Amendment to the Constitution.

Authority: *Model Civil Jury Instruction 4.5 – Section 1983*

Approved _____        Denied _____

Requested by Plaintiffs Steve and Robin Mitchell:

## Section 1983 –

## Excessive Force

### Stop, Arrest, or other "Seizure"

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested. In other words, a law enforcement official may only use the amount of force necessary under the circumstances to make the arrest. Every person has the constitutional right not to be subjected to excessive force while being arrested, even if the arrest is otherwise proper.

In this case, Steve Mitchell claims that Trooper Luckenbill and Trooper Guenther used excessive force when they arrested Steve. In order to establish that Mr. Luckenbill and Mr. Guenther used excessive force, Steve Mitchell must prove both of the following by a preponderance of the evidence:

First: Defendants intentionally committed certain acts.

Second: Defendants' acts violated Steve's Fourth Amendment right not to be subjected to excessive force.

In determining whether Trooper Luckenbill and Trooper Guenther's acts constituted excessive force, you must ask whether the amount of force Trooper Luckenbill and Trooper Guenther used was the amount which a reasonable officer would have used in making the arrest under similar circumstances. You should consider all the relevant facts and circumstances (leading up to the time of the arrest) that Trooper Luckenbill and Trooper Guenther reasonably believed to be true at the time of the arrest. You should consider those facts and circumstances in order to assess whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied. The circumstances relevant to this assessment can include:

the severity of the crime at issue;

whether Steve Mitchell posed an immediate threat to the safety of Trooper Luckenbill and Trooper Guenther or others;

the possibility that Steve Mitchell was armed;

the possibility that other persons subject to the police action were violent or dangerous;

whether Steve Mitchell was actively resisting arrest or attempting to evade arrest by flight; the duration of Trooper Luckenbill and Trooper Guenther's action;

the number of persons with whom Trooper Luckenbill and Trooper Guenther had to contend; and

whether the physical force applied was of such an extent as to lead to unnecessary injury.

The reasonableness of Trooper Luckenbill and Trooper Guenther's acts must be judged from the perspective of a reasonable officer on the scene. The law permits the officer to use only that degree of force necessary to make the arrest. However, not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

As I told you earlier, Steve Mitchell must prove that Trooper Luckenbill and Trooper Guenther intended to commit the acts in question; but apart from that requirement, Trooper Luckenbill and Trooper Guenther's actual motivation is irrelevant. If the force Trooper Luckenbill and Trooper Guenther used was unreasonable, it does not matter whether Trooper Luckenbill and Trooper Guenther

had good motivations. And an officer's improper motive will not establish excessive force if the force used was objectively reasonable.

What matters is whether Trooper Luckenbill and Trooper Guenther's acts were objectively reasonable in light of the facts and circumstances confronting them.

Authority:   **Model Civil Jury Instruction 4.5 – Section 1983, Section 1983 – Excessive Force; Stop, Arrest, or other "Seizure"**

Approved _____          Denied _____

Requested by Plaintiffs Steve and Robin Mitchell:

## Illegal Entry

The Fourth Amendment to the United States Constitution affords people the right to be secure in their homes against unreasonable searches and seizures and such right shall not be violated without an issued warrant, or permission to enter.

Robin Mitchell did not give the police officers permission to enter her home and the officers did not have a warrant.

A warrantless home entry is presumptively unconstitutional, but 'exigent circumstances' can excuse the warrant requirement. "Where police officers assert exigency, they 'reasonably must believe that someone is in imminent danger.'

The reasonableness of Trooper Luckenbill and Trooper Guenther's acts must be judged from the perspective of a reasonable officer on the scene, and whether there was an objective basis for believing that Mr. Mitchell required immediate medical attention and entry was required into the Mitchell home in the middle of the night as the time of a police search of an occupied family home may be a significant factor in determining whether, in a Fourth Amendment sense, the entry is unreasonable.

-18-

Authority:   <u>Payton v. New York</u>, 445 US 573, 590 (1980); <u>Kubicki v. Whitemarsh Twp</u>., 270 Fed. Appx. 127, 128 (3d cir 2008). <u>Parkhurst v. Trapp</u>, 77 F3d 707, 711 (3d Cir. 1996); <u>United States ex. Rel Boyance v. Myers</u>, 398 F.2d 896, 897 (3d Cir. 1968).

Approved _____        Denied _____

Requested by Plaintiffs Steve and Robin Mitchell:

## Damages – Compensatory Damages

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Troopers Luckenbill and Guenther should be held liable.

If you find the defendants liable, then you must consider the issue of compensatory damages.  You must award Steve and Robin Mitchell in an amount that will fairly compensate them for any injuries they actually sustained as a result of the defendants' conduct.

The Mitchells must show that the injury would not have occurred without the defendants' act or omission. The Mitchells must also show that Defendants' act or omission played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Defendants' act or omission.  There can be more than one cause of an injury.  To find that Defendants' act or omission caused The Mitchells' injury, you need not find that Defendants' act or omission was the nearest cause, either in time or space.

However, if The Mitchells' injury was caused by a later, independent event that intervened between Defendants' act or omission and The Mitchells' injury, Defendants is not liable unless the injury was reasonably foreseeable by Defendants.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiffs have the burden of proving compensatory damages by a preponderance of the evidence.

The Mitchells claim the following items of damages:

• Physical harm to Steve Mitchell during and after the events at issue, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical harm that Steve Mitchell is reasonably certain to experience in the future. In assessing such harm, you should consider the nature and extent of the injury and whether the injury is temporary or permanent.

• Emotional and mental harm to the Mitchells during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that the Mitchells is reasonably certain to experience in the future.

• The reasonable value of the medical, psychological, hospital, nursing, and similar care and supplies that Steve Mitchell reasonably needed and actually obtained.

Authority:   **Model Civil Jury Instruction 4.8.1 – Section 1983**

Approved _____          Denied  _____

Requested by Plaintiffs Steve and Robin Mitchell:

### Damages – Nominal Damages

If you return a verdict for Robin and Steve Mitchell, but they have failed to prove compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury.  Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages as I instructed you, rather than nominal damages.

Authority:  **Model Civil Jury Instruction 4.8.2 – Section 1983**

Approved _____          Denied _____

Requested by Plaintiffs Steve and Robin Mitchell:

## Damages – Punitive Damages

In addition to compensatory or nominal damages, you may consider awarding Steve and Robin Mitchell punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury and so receives nominal rather than compensatory damages.

You may only award punitive damages if you find that Defendants acted maliciously or wantonly in violating The Mitchells' federally protected rights.

A violation is malicious if it was prompted by ill will or spite towards the plaintiff. A defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure the plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused injury to the plaintiff, or to fail to undertake certain acts that caused such injury, does not, by itself, establish that a defendant had a conscious desire to violate rights or injure plaintiff unlawfully.

A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

If you find that it is more likely than not that Defendants acted maliciously or wantonly in violating Steve and Robin Mitchell's federal rights, then you may award punitive damages. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion. But remember that you cannot award punitive damages unless you have found that Defendants acted maliciously or wantonly in violating Steve and Robin Mitchell's federal rights.

If you have found that Defendants acted maliciously or wantonly in violating The Mitchell's federal rights, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendants and others like the defendants from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish Defendants. You should also consider whether actual damages standing alone are sufficient to deter or prevent Defendants from again performing any wrongful acts they may have performed. Finally, you should consider whether an award of

punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those Defendants may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which Defendants should be punished for their wrongful conduct toward The Mitchells, and the degree to which an award of one sum or another will deter Defendants or others from committing similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should consider the nature of the defendants' action. For example, you are entitled to consider whether the defendants' acts were violent or non-violent, whether defendants' act posed a risk to health or safety; and whether the defendants engaged in repeated misconduct, or a single act. You should also consider the amount of harm actually caused by the defendants' act, as well as the harm the defendants' act could have caused and the harm that could result if such acts are not deterred in the future.

Authority:   **Model Civil Jury Instruction 4.8.3 – Section 1983**

Approved _____          Denied _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVE W. MITCHELL, et al.          :
     Plaintiffs          :          No. 3:04-CV-2240
              :
vs.          :
              :          (Judge Caldwell)
WILLIAM J. LUCKENBILL, et al.  :
     Defendants          :          (Filed Electronically)

### CERTIFICATE OF SERVICE

I, Taras M. Wochok, attorney for Plaintiffs, hereby certify that on

May 5, 2011, I caused to be served a true and correct copy of Plaintiff

Steve W. Mitchell and Robin Mitchell's Proposed Points for Charge  by

electronic filing to the  following:

Lisa Wojdak Basial
Senior Deputy Attorney General

Commonwealth of Pennsylvania
Office of Attorney General, Lit. Sect.
5th Floor, Strawberry Square
Harrisburg, PA 17120
lbasial@attorneygeneral.gov

Lynn Erickson, Esquire
Suite 207, Schoolside Plaza
Leesport, PA 19533
lynnericksonesquire@hotmail.com

BY: s/Taras M. Wochok
Taras M. Wochok
Attorney I.D. #02406
Counsel for PLAINTIFFS

TARAS M. WOCHOK & ASSOCIATES, LTD.
13 Paoli Court
Paoli, PA 19301
(610) 296-9900 (phone)
(610) 296-4867 (fax)
Email: sefwochok@aol.com
DATE:  May 5, 2011